*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 13, 2026
10:23 AM

Plaintiff-Appellee,

v

No. 375096
Wayne Circuit Court
LC No. 09-020798-01-FC

RICKY MOORE,

Defendant-Appellant.

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by right his resentencing of 25 to 50 years' imprisonment for his 2010 convictions of two counts of conspiracy to commit armed robbery, MCL 750.529, and assault with intent to rob while armed, MCL 750.89. We affirm.

## I. FACTUAL BACKGROUND

This case arose from defendant's plans to rob Misbah Hans at an apartment building he owned in Detroit. On January 26, 2009, defendant recruited Robert Bates and Jonathan Walker to rob Hans. However, Bates and Walker were unsuccessful because they were unable to get past the vestibule area of the apartment complex. The next day, defendant and Danny Gaskins returned to the apartment building. Defendant stayed in his vehicle while Gaskins went inside claiming to be interested in renting an apartment. While Hans was showing Gaskins an apartment, Gaskins pulled a gun, shot Hans multiple times, and ran out of the building. Hans died from the gunshot wounds.

Defendant was charged with two counts of conspiracy to commit armed robbery, assault with intent to rob while armed, two counts of felony firearm, MCL 750.227b, and first-degree felony murder, MCL 750.316(1)(b). A jury found defendant guilty of the charged offenses with the exception of first-degree felony murder. He was sentenced to life with the possibility of parole.

In 2023, the prosecution and defendant jointly moved for relief from judgment, asserting that defendant was entitled to resentencing under *People v Stovall*, 510 Mich 301; 987 NW2d 85 (2022). At the resentencing hearing, defendant was sentenced to 25 to 50 years' imprisonment for

-1-

his convictions of two counts of conspiracy to commit armed robbery and assault with intent to rob while armed. This appeal followed.

## II. SENTENCING

Defendant argues that his within-guidelines sentence was based upon an inaccurate scoring of the sentencing guidelines. We conclude that OV 1, OV 3, OV 8, and OV 10 were properly scored. Although we agree that OV 13 was improperly scored, defendant is not entitled to relief because his guidelines range remained the same.

## A. ISSUE PRESERVATION

"To preserve a challenge to the scoring of the sentencing guidelines, the challenge must be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in this Court." *People v Ventour*, 349 Mich App 417, 433; 27 NW3d 660 (2023). Defendant raised an objection to the scoring of OV 1 and OV 8 directly before the trial court, preserving his arguments as to those offense variables. *Id*. However, because defendant did not challenge the scoring of OV 3, OV 10, or OV 13 at resentencing, his arguments regarding those are unpreserved. *Id*.

## B. STANDARD OF REVIEW

"Under the sentencing guidelines, a trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Thompson*, 314 Mich App 703, 708; 887 NW2d 650 (2016). "We review de novo whether the facts as found were adequate to satisfy the statutory scoring conditions." *People v Carlson*, 332 Mich App 663, 666; 958 NW2d 278 (2020). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report], plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

Defendant's unpreserved arguments regarding the scoring of OV 3, OV 10, and OV 13 are reviewed for plain error affecting his substantial rights. *Ventour*, 349 Mich App at 433. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when it "affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks, brackets, and citation omitted).

## C. ANALYSIS

Defendant first makes an overreaching argument that the trial court relied on acquitted conduct in scoring the offense variables. "[R]eliance on acquitted conduct at sentencing is barred by the Fourteenth Amendment." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. at 609. There is an important distinction "between acquitted conduct—conduct a jury has determined the prosecutor failed to prove beyond a reasonable doubt—and uncharged conduct—conduct about which the jury has made no finding." *People v Boukhatmi*, 351 Mich App 181, 191; 34 NW3d 914 (2024). "Acquitted conduct shows up at sentencing in the company of the due-process protection of the presumption of innocence; uncharged conduct does not . . . ." *Beck*, 504 Mich at 621.

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. [*Id*. at 626.]

To identify which facts and circumstances are prohibited from consideration at sentencing, this Court has used an approach focused "on what the parties actually disputed at trial." *People v Brown*, 339 Mich App 411, 423; 984 NW2d 486 (2021). This approach involves "examining the record to determine the ground or grounds upon which a rational jury could have acquitted the defendant." *Id*. "Under *Brown*'s rational-jury standard, we look at the conduct actually disputed at trial to determine the basis of the jury's acquittal and whether the evidence the trial court considered at sentencing was consistent with that acquittal." *Boukhatmi*, 351 Mich App at 192. "Moreover, if a specific fact or circumstance was relevant to both the acquitted charge and the convicted charge—i.e., if there was an overlap of relevant conduct—then the trial court could consider that fact or circumstance when sentencing on the convicted charge." *Brown*, 339 Mich App at 425.

### 1. OV 1 AND 3

Under MCL 777.31(1)(a), 25 points are assessed for OV 1 if a "firearm was discharged at or toward a human being." Under MCL 777.33(1)(a), 100 points are assessed for OV 3 if a victim is killed. The instructions for OV 1 provide that "[i]n multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points." MCL 777.31(2)(b). Similarly, the instructions for OV 3 provide that "[i]n multiple offender cases, if 1 offender is assessed points for death or physical injury, all offenders must be assessed the same number of points." MCL 777.33(2)(a). Defendant was assessed 25 points for OV 1 and 100 points for OV 3.

Though a trial court may not rely on acquitted conduct when imposing a sentence, "*Beck* does not prohibit the trial court from adhering to the clear statutory instructions for assessing points under OV 1 . . . ." *Ventour*, 349 Mich App at 435. Defendant's acquittal of first-degree felony murder has no bearing on the trial court's finding that a co-offender discharged a firearm toward

a human being. There was evidence presented at trial that Gaskins shot Hans three times with a firearm. By its plain terms, OV 1 applies regardless of whether defendant or Gaskins discharged the firearm, and it does not require that the defendant actually discharge a firearm or be convicted of discharging a firearm toward a human being. *Id*.

Similarly, defendant's acquittal of first-degree felony murder had no bearing on the trial court's finding that a victim was killed by another offender. Hans died after suffering from the gunshot wounds. Like OV 1, OV 3 applies regardless of whether defendant or Gaskins killed the victim, and it did not require that defendant commit murder or be convicted of murder. Moreover, the instructions for OV 3 directed the trial court to "[s]core 100 points if death results from the commission of a crime and homicide is not the sentencing offense." MCL 777.33(2)(b). As defendant was acquitted of first-degree felony murder, homicide was not the sentencing offense. Because death was a result of defendant's commission of other crimes, including conspiracy to commit armed robbery and assault with intent to commit armed robbery, OV 3 was properly scored at 100 points.

Under *Beck*, defendant's acquittal of first-degree felony murder prohibited the trial court from enhancing defendant's sentence for his other convictions on the basis of a finding that defendant personally committed first-degree felony murder or aided or abetted a co-offender's commission of first-degree felony murder. *Ventour*, 349 Mich App at 435-436. The trial court did not score OV 1 and OV 3 on the basis of any such finding. Rather, consistent with the statutory instructions for OV 1 and OV 3, the court assessed points for OV 1 and OV 3 because defendant was a codefendant in a multiple-offender case in which another offender discharged a weapon at a victim resulting in the victim's death, and the other offender was assessed points for discharging a weapon and the victim's death. Under these circumstances, the trial court's scoring of OV 1 and OV 3 was not inconsistent with defendant's acquittal of felony murder and does not violate the Fourteenth Amendment as interpreted by *Beck*. The trial court's 25-point score for OV 1 was not clearly erroneous and 100-point score for OV 3 was not plain error.

2. OV 8

Defendant next argues that OV 8 was improperly scored because there was no evidence of asportation.

Under MCL 777.38(1)(a), 15 points are assessed for OV 8 if a "victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." "A plain reading of asportation is this: If a victim is carried away or removed 'to another place of greater danger or to a situation of greater danger,' MCL 777.38(1)(a), the statutory language is satisfied." *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). Asportation may be present where the victim is removed to a location where an offense "was less likely to be discovered," rendering a "location a 'place of greater danger' or 'a situation of greater danger.'" *Barrera*, 500 Mich at 22. The movement may be incidental to the offense or meaningfully deliberate. *Id*. "Asportation does not require force; asportation for the purpose of OV 8 may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), overruled on other grounds by *Barrera*, 500 Mich at 17.

-4-

Along with two counts of felony-firearm and two counts of conspiracy to commit armed robbery, defendant was convicted of assault with intent to rob while armed under a theory of aiding and abetting. After the unsuccessful plan to rob Hans on January 26, 2009, defendant recruited Gaskins to help him rob Hans. This time, defendant arranged for Hans to show Gaskins an apartment, so that Gaskins could gain entry into the building. When Gaskins arrived at the building, he followed defendant's plan, acting interested in renting the apartment to access the building and rob Hans. Though not by force, Hans moved with Gaskins from the entryway of the building to the vacant apartment where the intended robbery was planned to occur. This movement qualifies as asportation to a place of greater danger for purposes of OV 8 because Hans went with Gaskins to a more remote area of the building, placing Hans in greater danger. And, as with defendant's arguments on OV 1 and OV 3, the trial court did not score OV 8 on the basis of any acquitted conduct. The trial court properly scored OV 8 at 15 points.

3. OV 10

Defendant also challenges the trial court's assessment of 15 points for OV 10.

OV 10 is scored for the "exploitation of a vulnerable victim." MCL 777.40(1). A trial court must assess 15 points for OV 10 if it finds that "[p]redatory conduct was involved" in the sentencing offense. MCL 777.40(1)(a). "Predatory conduct" is defined as "preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). Preoffense conduct includes behavior that is " 'predatory' in nature, e.g., lying in wait and stalking." *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011).

> [T]o find that a defendant engaged in predatory conduct, a trial court must conclude that (1) the defendant engaged in preoffense conduct, (2) the defendant directed that conduct toward one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation, and (3) the defendant's primary purpose in engaging in the preoffense conduct was victimization. [*People v Baskerville*, 333 Mich App 276, 296; 963 NW2d 620 (2020) (quotation marks and citation omitted).]

Preoffense conduct that "created or enhanced" the vulnerability of a victim is predatory. *People v Barnes*, 332 Mich App 494, 503; 957 NW2d 62 (2020) (quotation marks and citation omitted).

Defendant characterizes his involvement in the crimes as merely the driver who did not follow or stalk the victim. However, the evidence demonstrates a more significant degree of involvement in conduct directly targeted at Hans. For example, defendant recruited Bates, Walker, and Gaskins to rob the landlord of the apartment building, Hans. Defendant picked up Bates and Walker on January 26, 2009, and brought them to the building to rob Hans. Defendant informed Bates and Walker that Hans would be at the building because Hans's truck was there. After that was unsuccessful, the next day, defendant picked up Gaskins and brought him to the building. By calling Hans on Gaskins's phone, defendant arranged a meeting for Gaskins to feign interest in renting an apartment to have the opportunity to rob Hans. Defendant specifically targeted Hans, believing that he had large sums of cash on him. Defendant knew that Hans was interested in renting out the apartments in the building he owned. With that knowledge, he formulated and took steps to implement a plan to steal Hans's money. Thus, each of the requirements for predatory

conduct were met. *Baskerville*, 333 Mich App at 296. The trial court did not commit plain error in assessing 15 points for OV 10.

4. OV 13

Defendant argues that the trial court improperly scored OV 13 at 25 points for a pattern of continuing criminal conduct when he had no prior record of crimes against a person and defendant's convictions arose from a single act.

OV 13 addresses a "continuing pattern of criminal behavior." MCL 777.43(1). The trial court must assess 25 points for OV 13 if the "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). To determine the appropriate points to be assessed under OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). A pattern of criminal activity may be based on multiple offenses arising from the same event. *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001). However, "a single felonious act cannot constitute a pattern" under MCL 777.43(1). *People v Carll*, 322 Mich App 690, 704; 915 NW2d 387 (2018).

"[A] felony designated as a 'crime against public safety' may not be used to establish a 'pattern of felonious criminal activity involving 3 or more crimes against a person,' MCL 777.43(1)(c), for purposes of scoring OV 13." *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011). A "[c]onspiracy does not constitute a crime against a person or property." *People v Goodman*, 497 Mich 883, 883 (2014). Because defendant's conspiracy convictions were crimes against public safety, the trial court was not permitted to consider them for purposes of OV 13.

Defendant had previously been convicted of possession with intent to deliver less than 50 grams of cocaine, heroin, or another narcotic, MCL 333.7401(2)(a)(*iv*), possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), felony-firearm, and malicious destruction of fire or police property, MCL 750.377b. None of defendant's history qualified as conduct that could establish "a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). The only remaining conviction for purposes of scoring OV 13 was the assault with intent to rob while armed, but this offense alone did not establish a pattern of criminal activity. Thus, the trial court erred when it assessed 25 points for OV 13.

Nevertheless, defendant is not entitled to relief. The error did not affect the outcome of the lower court proceedings. *Carines*, 460 Mich at 763. Even with a reduction of 25 points, defendant's total OV score is 180 points, meaning he remains in OV Level VI. See MCL 777.62. Because defendant's sentencing guidelines range did not change, defendant is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello